UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Insun Kim, | ) | C/A: 2:16-2561-RMG-BM |
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Progressive Northern Insurance Company, | ) | |
| Defendant. | ) | |

This is a civil action filed by the Plaintiff, Insun Kim, pro se, and is before the Court for pre-service review. See 28 U.S.C. § 1915(e)(2)(B); In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir.1997)[pleadings by non-prisoners should also be screened]. Under established local procedure in this judicial district, a careful review has been made of the pro se complaint herein pursuant to the procedural provisions of § 1915, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir.1995) (en banc); and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31. Hence, under § 1915(e)(2)(B),



a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319. Further, while this Court is also required to liberally construe pro se documents, holding them to a less stringent standard than those drafted by attorneys, Erickson v. Pardus, 551 U.S. 89, 94 (2007)(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). Such is the case here.

## Discussion

Plaintiff alleges that the Defendant, Progressive Northern Insurance Company (Progressive), breached a contract in bad faith. Plaintiff alleges that on September 7, 2014, she was involved in an automobile accident which resulted in her sustaining physical and mental injuries. The accident report appears to indicate that Plaintiff was insured by Allstate and the other driver was insured by Progressive. Plaintiff offered to settle her claims with Defendant for $50,000, but Defendant refused to do so. Information attached to the Complaint also appears to indicate that Progressive offered Plaintiff $1,500 to settle her claim, but the company refused her request for higher settlement amounts because Plaintiff allegedly failed to submit any medical bills or records to support her claim. See ECF No. 1-1 at 2, 3, 6, 10.

Plaintiff checked "No" in answer to a question on the Complaint form asking if she had filed other lawsuits in state or federal court dealing with the same facts involved in this action. However, she provided with her Complaint a handwritten note stating "Evidence of Denied by the 9th JUDICIAL CIRCUIT", which was followed by a copy of a "Motion and Order Information Form and Coversheet" from case number 2016-CP-10-0674 filed in the Court of Common Pleas for the



2

Ninth Judicial Circuit. The submitted form lists the Plaintiff here as the plaintiff in the state court action and lists the Defendant here as the defendant in the state court action, and indicates that the plaintiff's motion for a continuance was denied. ECF No. 1-1 at 23-25. Records from the Court of Common Pleas for Charleston County (Ninth Judicial Circuit) show that in Case Number 2016-CP-10-0674 on May 9, 2016, Progressive filed a motion to dismiss in which it argued that Plaintiff failed to state facts sufficient to constitute a cause of action against it as South Carolina law prohibits third-parties from bringing a direct action against an insurer for damages caused by the insured.[1] The state court heard Progressive's motion to dismiss and granted it, thereby ending Plaintiff's state court case. See Charleston County Public Index, http://jcmsweb.charlestoncounty.org/PublicIndex/Case Details.aspx?County=10&CourtAgency=10002&Casenum=2016CP1000674&CaseType=V (last visited Aug. 31, 2016).[2] Hence, if Plaintiff is now attempting to remove her state court case to this Court in an attempt to obtain a different result, she may not do so by filing a complaint, as "[a] complaint is not the appropriate vehicle for removing a case from state court to federal court."

---

[1] Third-party claimants do not have standing to assert claims arising out of an insurer's breach of contract with its insured. See Hill v. Canal Ins. Co., No. 7:12–330, 2012 WL 3135402, at *2 (D.S.C. Apr. 1, 2012) (citing Kleckley v. Northwestern Nat'l Caves. Co., 526 S.E.2d 218, 219 (S.C. 2000)). Additionally, the Supreme Court of South Carolina and the Court of Appeals of South Carolina "have repeatedly denied actions for bad faith refusal to pay claims to third parties who are not named insureds." Kleckley, 526 S.E.2d at 219; see, e.g., Carter v. American Mut. Fire Ins. Co., 307 S.E.2d 227 (S.C. 1983); Cook v. Mack's Transfer & Storage, 352 S.E.2d 296 (S.C. Ct.App. 1986); Swinton v. Chubb & Son, Inc., 320 S.E.2d 495, 496 (S.C.Ct. App. 1984). The Supreme Court of South Carolina noted in Kleckley that the appropriate avenue of relief is to bring an action against the first-party beneficiary, which may then pursue an action against the insurer if a judgment is obtained. 526 S.E.2d at 220.

[2] This Court "may properly take judicial notice of matters of public record." See Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ["We note that '[t]he most frequent use of judicial notice is in noticing the content of court records.'"].



Barnard v. Plastics Reclaim Co., No. 8:08-714-HMH-BHH, 2008 WL 2076686, at *3 (D.S.C. May 9, 2008).[3]

Further, to the extent that Plaintiff is attempting to appeal the results of her state court case through the filing of this action, federal district courts do not hear "appeals" from state court actions. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983)[a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257]; Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). This Court may not overrule and reverse orders and rulings made in the state court, as such a result is prohibited under the Rooker–Feldman doctrine. Davani v. Virginia Dep't. of Transp., 434 F.3d 712, 719-720 (4th Cir. 2006); see Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 293-294 (2005); Jordahl v. Democratic Party of Va., 122 F.3d 192, 201 (4th Cir. 1997).

The Complaint filed in this case is also subject to summary dismissal without service of process because it fails to state a claim which this Court may consider under its federal question jurisdiction, see 28 U.S.C. § 1331, or its diversity jurisdiction, see 28 U.S.C. § 1332. First,

---

[3] Additionally, to the extent Plaintiff is attempting to litigate in this action the same claims she asserted against the Defendant in the lawsuit filed in state court, the doctrines of res judicata and collateral estoppel prevent a party from re-litigating in a subsequent lawsuit an issue that was or should have been litigated and determined in a prior action. Briggs v. Newberry County Sch. Dist., 838 F. Supp. 232, 235 (D.S.C.1992) [Res judicata precludes a party from litigating in a second action identical claims against the same parties or their privies on which a final determination on the merits was issued]; Stone v. Roadway Express, 627 S.E.2d 695, 698 (S.C. 2006) ["Collateral estoppel prevents a party from re-litigating in a subsequent suit an issue actually and necessarily litigated and determined in a prior action"] (quoting Jinks v. Richland County, 585 S.E.2d 281 (S.C. 2003)); cf. United States v. Mendoza, 464 U.S. 154, 159 n. 4 (1984) ["Defensive use of collateral estoppel occurs when a defendant seeks to prevent a plaintiff from relitigating an issue the plaintiff has previously litigated unsuccessfully in another action against ... a different party"]; Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 (1979).

4

Plaintiff's allegations do not state an action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1131. Instead, Plaintiff attempts to assert state law causes of action for breach of contract, "bad faith - Tyger river,"[4] negligence, and gross negligence. Further, interrogatories were submitted to the Plaintiff asking her to explain a basis for federal court jurisdiction of her case, and although Plaintiff checked a box indicating that she asserts federal question jurisdiction, in response to a question asking her to list the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in her case, Plaintiff wrote "n/a because this question is irrelavant [sic] to my case in my opinion." ECF No. 11 at 2. Therefore, there is no federal question jurisdiction in this case.

Nor does this Court have jurisdiction based on diversity jurisdiction, as a district court has such jurisdiction only "where the matter in controversy exceeds the sum or value of $75,000...and is between–(1) citizens of different States...". 28 U.S.C. § 1332. Plaintiff has not alleged complete diversity of the parties. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978) [Complete diversity of parties means that no party on one side may be a citizen of the same State as any party on the other side]. Although Plaintiff asserts in her answers to the Court's special interrogatories that diversity of citizenship is a basis for federal court jurisdiction, in both her Complaint and her answers to the Court's special interrogatories she listed her citizenship and Defendant's citizenship as South Carolina. See ECF No. 1 at 2, ECF No. 11 at 1-2.

---

[4]South Carolina law recognizes a cause of action for bad-faith refusal to pay benefits under an insurance policy. Nichols v. State Farm Mut. Auto. Ins. Co., 306 S.E.2d 616, 618 (S.C. 1983) (citing Tyger River Pine Co. v. Maryland Cas. Co., 170 S.E. 346 (S.C. 1933)). "[I]f an insured can demonstrate bad faith or unreasonable action by the insurer in processing a claim under their mutually binding insurance contract, he can recover consequential damages in a tort action." Id. at 619.

5

Finally, if the above recommendations are adopted with respect to Plaintiff's claims of jurisdiction in this Court, this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims.  See 28 U.S.C. §1367; Wisconsin Dep't of Corrs. v. Schacht, 524 U.S. 381, 387 (1998); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620, 626 (4th Cir. 2002)[affirming district court's dismissal of state law claims when no federal claims remained in the case]. Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999) ["[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants"].

### Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

September 6, 2016
Charleston, South Carolina

6



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

