IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Insun Kim, | ) | Civil Action No. 2:16-2561-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Progressive Northern Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that this action be summarily dismissed without prejudice and without service of process. For the reasons set forth below, the Court adopts in part and declines to adopt in part the Report and Recommendation, and dismisses this action with prejudice and without service of process.

I. **Background**

Plaintiff Insun Kim alleges Defendant Progressive Northern Insurance Company ("Progressive") failed to pay damages resulting from an automobile accident on September 7, 2014. Plaintiff alleges she suffered personal injuries because of the actions of another driver whom Progressive insured, yet Progressive refused to settle her claims. Plaintiff previously brought this same claim in the Charleston County Court of Common Pleas, which granted Progressive's motion to dismiss on July 14, 2016. *Kim v. Progressive N. Ins. Co.*, 2016-CP-100674 (S.C.C.P. July 14, 2016) (judgment filed the following day). Plaintiff filed the present action the next morning, asserting claims for breach of contract, bad faith refusal to pay benefits under an insurance policy, negligence, and gross negligence. (Dkt. No. 1.) On August 19, 2016, the Court propounded special interrogatories regarding jurisdiction to Plaintiff, which were answered on August 24,

2016. (Dkt. Nos. 9-1, 11.) On September 6, 2016, the Magistrate Judge recommended summary dismissal. On September 12, 2016, Plaintiff objected to the Report and Recommendation.

## II.     Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002), *aff'd*, 540 U.S. 614 (2004). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a

cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

### III.     Discussion

Plaintiff filed this action the day after the state court dismissed these same claims. The Court therefore finds that Plaintiff filed this action as an attempt to obtain a different result than she obtained in state court. As the Magistrate Judge noted, this action is precluded by *res judiciata*, *see Briggs v. Newberry Cty. Sch. Dist.*, 838 F. Supp. 232, 235 (D.S.C. 1992), and so summary dismissal is appropriate. (Dkt. No. 17 at 4 n.3.) However, application of *res judiciata* is an adjudication on the merits, so the dismissal must be with prejudice. *See Walls v. Wells Fargo Bank, N.A.*, 557 F. App'x 231, 233 (4th Cir. 2014).

The Magistrate Judge also recommends dismissal for lack of subject-matter jurisdiction. There is, without question, no federal question jurisdiction here—Plaintiff's claims are all state law contract or tort claims. (*See* Dkt. No. 1.) The Magistrate Judge determined that there is no diversity jurisdiction because Plaintiff's complaint and answers to the Court's special interrogatories assert that both Plaintiff and Progressive are citizens of South Carolina. (Dkt. Nos. 1 at 2, 11 at 1–2.) That would indeed seem to indicate a lack of diversity jurisdiction. However, *pro se* filings are liberally construed, *see Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), and a pleading error does not divest this Court of subject matter jurisdiction, *see, e.g.*, *Owen-Williams v. BB & T Inv. Servs., Inc.*, 717 F. Supp. 2d 1, 13 (D.D.C. 2010). Although Plaintiff did assert that Progressive is a South Carolina citizen in her answers to the Court's interrogatories, she clearly did not understand the questions being asked. (*See, e.g.*, Dkt. No. 11-1 at 2 (Plaintiff claiming Defendant "is incorporated under the laws of the State of United States of America and has its principal place of business in the State of South Carolina").) This Court is well aware that Progressive Northern Insurance Company is a corporation organized under

-3-

Wisconsin law with its principal place of business in Ohio. *See, e.g.*, Complaint, *Progressive N. Ins. Co. v. Banks*, 2:16-333-MBS-BM (D.S.C. Feb. 3, 2016) (Progressive Northern Insurance pleading its state of organization and the location of its principal place of business near the time the present case was filed). It would be improper for the Court *sua sponte* to dismiss for lack of jurisdiction when it is aware of noticeable facts establishing jurisdiction. Because complete diversity exists and the amount requested exceeds $75,000, diversity jurisdiction is present in this case.

## IV.    Conclusion

For the foregoing reasons, the Court **ADOPTS** pages 1–3 and the first 12 lines of text on page 4 (including footnote 3) of the Report and Recommendation, and **DECLINES TO ADOPT** the final 3 lines of text on page 4, page 5, and page 6 of the Report and Recommendation. The complaint is **DISMISSED WITH PREJUDICE** and without service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 23, 2016
Charleston, South Carolina